JEREMY W. KATZ (SBN: 119418)
LINDA SORENSEN (SBN: 72753)
shierkatz RLLP
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone:     (415) 895-2895
Facsimile:     (415) 520-5879
jkatz@shierkatz.com

Attorneys for Trustee
SARAH L. LITTLE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>MOATAZ MAASRANI and CLAUDINE MAASRANI,<br><br>           Debtors. | Case No. 15-40781 WJL 7<br><br>Chapter 7<br><br>TRUSTEE'S DECLARATION IN SUPPORT OF TRUSTEE'S OBJECTION TO DEBTORS' MOTION TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13 AND REQUEST FOR HEARING |

Sarah L. Little, trustee of this bankruptcy estate, declares:

1.     I am the duly appointed, qualified, and acting Trustee of this bankruptcy estate. I have personal knowledge of the facts contained in this declaration except for those I have learned and as for those I believe them to be true, and if called as a witness, could and would competently testify as to them. I make this declaration in support of my objection to the Debtors' motion to convert the case to a chapter 13.

2.     The Debtors filed a voluntary chapter 7 petition on March 11, 2015. I have reviewed the Debtors' Petition, Schedules, and Statement of Financial Affairs. I have reviewed the Bankruptcy Questionnaire they filled out. I have reviewed the Debtors' 2011, 2012, 2013, and 2014 income tax returns. I have reviewed the Adversary Proceeding filed by the County of Alameda against the Debtors, A.P. No. 15-04035. I have reviewed statements from the Debtors' Nationwide brokerage account. I have questioned the Debtors at meetings of creditors held on

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94133
(415) 895-2895

2025.002

1

DECLARATION IN SUPPORT OF OBJECTION TO MOTION TO CONVERT

Case: 15-40781    Doc# 36    Filed: 06/17/15    Entered: 06/17/15 10:43:44    Page 1 of 5

1    April 17, 2015, May 15, 2015, and June 12, 2015. I have reviewed other documents provided by

2    the Debtors.

3         3.      Based on these reviews and on the Debtors' testimony at the meetings of creditors,

4    I believe that the Debtors have materially undervalued their residence located at 3656 Annis

5    Circle, Pleasanton, CA 94588 (the "Residence"). They value the Residence on Schedule A at

6    $570,000. I performed a search on Zillow.com shortly after the Debtors filed their petition, and

7    the search resulted in an estimated market value of $790,000, more than $200,000 higher than the

8    Debtors' scheduled value. I questioned Mr. Maasrani at one of the meetings of creditors about

9    how he determined the value of the Residence. He stated he was confident that the Residence

10    was only worth $570,000 because he had confirmed that figure with a neighbor who was a real

11    estate agent. He did not conduct any other research to determine the Residence's value. Mr.

12    Maasrani testified that he had purchased the Residence in 2005 for $765,000 but because of the

13    drop in the real estate market, he thought the Residence was worth significantly less than the

14    purchase price. Because the debt against the Residence was listed at $613,630, the Debtors were

15    attempting to hide the equity in the Residence from creditors and the bankruptcy estate. Perhaps

16    the Debtors thought they did not have to tell the truth because in an email from Mr. Maasrani to

17    me dated June 1, 2015, Mr. Maasrani stated that "our attorney made us under the impression [sic]

18    that we can withdraw our petition at anytime and never informed us about jeopardizing the selling

19    of our home once there is an equity [sic] in the house."

20         4.      The Debtors failed to disclose assets on their Schedule B. They failed to disclose a

21    Nationwide brokerage account containing $11,821.24. The scheduled no jewelry, but they have

22    jewelry. They failed to disclose a business they have translating Arabic into English. They failed

23    to disclose a term life insurance policy.

24         5.      On their Statement of Financial Affairs, the Debtors disclose the foreclosure of

25    1712 Calais Court, Hayward, CA 94541 (the "Calais Court Property") within the year before the

26    filing of the Petition. They list no rental income for the Calais Court Property on the Statement of

27    Financial Affairs. When I asked Mr. Maasrani about this at the continued meeting of creditors

28    held on June 12, 2015, Mr. Maasrani testified that had purchased the Calais Court Property in

Case: 15-40781    Doc# 36    Filed: 06/17/15    Entered: 06/17/15 10:43:44    Page 2 of 5

2000 and had resided there until 2005. He refinanced the Calais Court Property, receiving $150,000 cash. Mr. Maasrani testified that he used $100,000 of it as a down payment for the Residence and used the remaining $50,000 to make payments on the Calais Court Property. I asked Mr. Maasrani if the Calais Court Property was ever a rental property and he testified that it never was. He testified that it was used as a "second home" for friends and family and friends of friends. He testified he never received rent. I asked him how he made the mortgage payments from 2005 until 2013 (when he stopped making payments on the Calais Court Property) with only the $50,000 remaining from the refinance. Mr. Maasrani testified that sometimes, friends or family or friends of friends would make the payments by "going to the bank" but that they never paid him directly. He could not provide the names of any of the people who stayed at the Calais Court Property, any of the dates that they stayed, or when they made any of the mortgage payments. Mr. Maasrani's testimony simply was not credible.

6. The Debtors failed to disclose in response to Question 2 that on December 11, 2015, they sold Facebook stock for $15,138 and that on December 18, 2013, they sold Cisco stock for $4,763.

7. The Debtors failed to disclose in response to Question 3 that in December 2014, they paid $14,000 to Mr. Maasrani's mother in Egypt as repayment of a debt.

8. The Debtors failed to disclose in response to Question 4 a law suit filed against them on December 22, 2014, entitled *County of Alameda v. Maasrani,* Alameda County Superior Court Case Number RG14752133, in which the County accused the Debtors of obtaining money by fraud and deceit. According to the non-dischargeability of debt Adversary Proceeding No. 15-04035 filed by the County of Alameda against the Debtors, the Debtors allegedly submitted knowingly false reports to the County of Alameda for more than three years in order to receive food stamps, and based on those false reports, received $26,369 in food stamp benefits. By failing to list the law suit, the Debtors hid the alleged fraud from creditors.

9. The Debtors failed to disclose in response to Question 10 that on December 11, 2015, they sold Facebook stock for $15,138 and that on December 18, 2013, they sold Cisco stock for $4,763.

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94---
(415) 895-2895

2025.002                                            3                    DECLARATION IN SUPPORT OF OBJECTION TO
                                                                        MOTION TO CONVERT

Case: 15-40781    Doc# 36    Filed: 06/17/15    Entered: 06/17/15 10:43:44    Page 3 of 5

10.     The Debtors failed to disclose in response to Question 11 that at the end of 2014, they liquidated cash-value life insurance policies and deposited the money into new Roth IRA accounts and the undisclosed Nationwide brokerage account.  When I questioned the Debtors about the cash they received from the life insurance policies, Mr. Maasrani first testified that they had received about $11,000 from one policy.  When I pointed out that a total of about $23,000 had been deposited into the Roth IRA accounts and the Nationwide brokerage account, Mr. Maasrani changed his testimony and testified that they had liquidated several policies for around $23,000.  When I asked how they had built up such a large cash value in the policies, Mr. Maasrani stated that he had been contributing $83 for a long time.  He could not tell me when the policies were purchased.

11.     The Debtors failed to disclose in response to Question 18 the existence of their on-going translation business called MCP Interpreters.  Mr. Maasrani stated in an email in late April 2015, that "[I]t is located in my house as I am trying to improve our income.  [I]t is true that is losing [sic] and I am not realizing any profit from it as yet, yet I have to decide as when I will close it."  Despite not listing it on their Statement of Financial Affairs, the Debtors have listed this business on their last four income tax returns.  For the years 2011, 2012, and 2013, the Debtors list $0 gross income from the business.  For 2014, they list $50 in gross income from the business.  Nevertheless, over the last four years, they have taken business losses averaging $10,000 annually.  Mr. Maasrani testified that he has not paid any advertising expenses for the business, but the Debtors claim advertising expenses on the tax returns.  The Debtors are clearly using these alleged losses to reduce their taxes.  Furthermore, in 2011, Ms. Maasrani had a home IT business called Paul's Technical Support.  Her business only made $8 in gross income that year.  However, in 2011, the Debtors estimated they used 35% of the Residence for the two businesses, thereby generating a depreciation expense of $1,715 for those two businesses that combined generated $8 in gross income.

12.     At the continued meeting of creditors on June 12, 2015, I asked Mr. Maasrani about the $4,000 in qualified educational expenses listed on the 2014 income tax return.  Mr. Maasrani testified that his wife attended an on-line university from Germany.  (Ms. Maasrani did

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94___
(415) 895-2895

2025.002

4

DECLARATION IN SUPPORT OF OBJECTION TO
MOTION TO CONVERT

Case: 15-40781     Doc# 36     Filed: 06/17/15     Entered: 06/17/15 10:43:44     Page 4 of 5

1 | not appear at the June 12, 2015, meeting of creditors, so I could not question her.)  Mr. Maasrani

2 | also testified that he had not personally paid these expenses; rather, friends in Germany paid

3 | them.  Mr. Maasrani was not sure how much money the university actually cost—he estimated

4 | closer to $500 than $4,000.  Mr. Maasrani said he would repay those friends in the future, but he

5 | did not list them as creditors.  The Debtors received a $1,000 educational tax credit on their 2014

6 | tax return.

7 |     I declare under penalty of perjury that the foregoing is true and correct.

8 |     Executed this 16th day of June 2015, at Hayward, California.

                        /s/ Sarah L. Little

                      SARAH L. LITTLE, TRUSTEE

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94111
(415) 895-2895

2025.002

5

DECLARATION IN SUPPORT OF OBJECTION TO
MOTION TO CONVERT