JEREMY W. KATZ (SBN: 119418)
LINDA SORENSEN (SBN: 72753)
shierkatz RLLP
930 Montgomery Street, Suite 600
San Francisco, CA 94133
jkatz@shierkatz.com
Telephone: (415) 895-2895
Facsimile: (415) 520-5879

Attorneys for Trustee
SARAH L. LITTLE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>MOATAZ MAASRANI and CLAUDINE MAASRANI,<br><br>Debtors. | Case No. 15-40781 WJL 7<br><br>Chapter 7<br><br>OBJECTION TO AMENDED CLAIMS OF EXEMPTION<br><br>[Hearing will be scheduled when appropriate] |

TO: MOATAZ MAASRANI and CLAUDINE MAASRANI, DEBTORS, AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Sarah L. Little, Trustee of the Moataz Maasrani and Claudine Maasrani (the "Debtors") bankruptcy estate (the "Trustee"), hereby objects to certain claims of exemption in the Debtors' Amended Schedule C filed on July 7, 2015, ECF #43, under the categories "Household Goods and Furnishings" and "Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans." A hearing will be set when appropriate.[1]

**THE DEBTORS' IMPROPER EXEMPTIONS**

On their Amended Schedule C, the Debtors list "Furniture" valued at $5,000 under the heading "Household Goods and Furnishings" and exempt it pursuant to C.C.P. § 704.020. They

---

[1] The Debtors have a pending motion to convert the case to a chapter 13 scheduled to be heard at 9:00 a.m. on August 12, 2015.

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94133
(415) 895-2895

2025.002  1  OBJECTION TO AMENDED CLAIMS OF EXEMPTION

Case: 15-40781  Doc# 52  Filed: 07/29/15  Entered: 07/29/15 06:30:21  Page 1 of 4

exempted the same furniture on their initial Schedule C, but did so pursuant to C.C.P. § 703.140(b)(3), ECF #1, page 14.

On July 7, 2015, the Debtor's filed their declaration in support of their motion to convert their chapter 7 case to a chapter 13, ECF #39-1 (the "Declaration re: Conversion"). They state in Paragraph 9, page 3, "Sarah Little states that we scheduled no jewelry [in our initial Schedule B], but we have jewelry. The jewelry we own was included in the value of household items, it is of diminimus [sic] value." Jewelry is not considered to be household furnishings, appliances, provisions, or personal effects that may be exempted under C.C.P. §704.020. In fact, there is another code section for exempting jewelry, C.C.P. § 704.040, which the Debtors did not utilize. The Debtors may not exempt jewelry under C.C.P. § 704.020. Additionally, as will be discussed below, the Debtors may not exempt the jewelry because they concealed it.

On their Amended Schedule C, the Debtors list two National Insurance accounts under the heading "Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans," one valued at $6,550.90 and one valued at $23,921.52 which they exempt pursuant to "C.C.P. § 704.115(a)(1) & (2), (b)." They exempted the same National Insurance accounts in their initial Schedule C, but did so pursuant to C.C.P. § 703.140(b)(10)(E). In their Declaration re: Conversion, they state in Paragraph 8, "Sarah Little states we failed to disclose a Nationwide brokerage account containing $11,821.24. **This asset was disclosed as being part of an IRA, of which we were under the impression that it was an IRA. As it turns out, it had not been transferred because of annual limits on IRA contributions set by the IRS.**" (Emphasis added.) The Trustee objects to the exemption of $11,821.24 because it is not an IRA. Additionally, the Debtors may not exempt the non-IRA $11,821.24 because they concealed it.

**DEBTORS CANNOT EXEMPT CONCEALED PROPERTY**

The Debtors listed no jewelry on their initial Schedule B, but they now state in their Declaration re: Conversion that the jewelry was included as "Furniture." The Debtors clearly concealed their jewelry.

The Debtors listed as part of their IRA on their initial Schedules the sum of $11,821.24 which was not part of their IRA. They concealed that cash. And, even though they now admit

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94133
(415) 895-2895

2025.002    2    OBJECTION TO AMENDED CLAIMS OF EXEMPTION

Case: 15-40781    Doc# 52    Filed: 07/29/15    Entered: 07/29/15 06:30:21    Page 2 of 4

that the money was not eligible to be included in the IRA, they have again attempted to exempt that money as part of an IRA in their Amended Schedule C.

The Trustee in uncovering this information and being required to proceed without the mandatory cooperation of Debtors, is entitled to obtain disallowance of the exemption in these assets in accordance with the post-*Law v. Siegel*[2] reasoning of *Elliott v. Weil (In re Elliott)*, 523 B.R. 188, 197 (9th Cir. BAP 2014) ("*Elliott*") concerning 11 U.S.C. §522(g)(1). That statute puts barriers in a debtor's way, and a debtor may not exempt the relevant property unless the debtor meets all the relevant tests. A debtor cannot exempt property if he or she either voluntarily transferred the property, <u>or</u> if he concealed the transfer <u>or concealed an interest in the property</u>. If the Trustee has to <u>direct her efforts towards the Debtors</u> in order to administer the property, the Debtors are not entitled to claim an exemption. See *Hitt v. Glass (In re Glass)*, 164 B.R. 759, 764-65 (9th Cir. BAP 1994), aff'd, 60 F.3d 565 (9th Cir. 1995), which was cited for this principle in *Elliott*. This is a statutory limitation on exemptions and not a judge-made equitable principle. Pre *Law v. Siegel* case law in this Circuit cited *In re Andermahr*, 30 B.R. 532, 533 (9th Cir. BAP 1983) for the principle that an exemption should be allowed no matter when it is claimed absent a showing of bad faith by the debtor or prejudice to creditors. The *Andermahr* court also stated that, "Active concealment of an asset no doubt requires denial of the exemption claim." *Id*. at 534. This apparently became most frequently stated as three separate things: "concealment, bad faith, or prejudice to creditors." But the cases that have been abrogated by *Law v. Siegel* are not the concealment cases, but instead the bad faith or prejudice to creditors cases. See, e.g., the analysis in *In re Gutierrez*, 2014 Bankr. LEXIS 2637 (Bankr. E.D. Cal. 2014). Concealment, by contrast, should be revisited as having a statutory basis not addressed by *Law v. Siegel*, which was a surcharge case. The Trustee reserves her right to supplement this objection.

DATED: July 29, 2015          shierkatz RLLP

By:   <u>Jeremy W. Katz</u>
      Jeremy W. Katz
      Attorneys for Trustee
      Sarah L. Little

---

[2] 134 S. Ct. 1188, 188 L. Ed. 2d 146 (2014).

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94133
(415) 895-2895

# PROOF OF SERVICE

I am employed in the office of a member of the bar of this Court in the City and County of San Francisco, at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is 930 Montgomery Street, Suite 600, San Francisco, California 94133.

On July 29, 2015, I served the document described as

## OBJECTION TO AMENDED CLAIMS OF EXEMPTION

on the interested parties in this action by placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Moataz Maasrani, Debtor<br>3656 Annis Circle<br>Pleasanton, CA  94588 | Claudine Maasrani, Debtor<br>3656 Annis Circle<br>Pleasanton, CA  94588 |
| Office of the U. S. Trustee/Oak<br>1301 Clay Street, #690N<br>Oakland, CA 94612-5217 | Robert L. Shepard, Esq.<br>The Robert L. Shepard Professional Law Corporation<br>235 Montgomery Street, Suite 970<br>San Francisco, CA  94104-3001 |

**[X]** **BY MAIL**: Service was accomplished by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth above.

**[X]** **BY E-MAIL/NEF**: Service was accomplished through the Notice of Electronic Filing ("NEF") for parties and counsel who are registered ECF Users.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on July 29, 2015, at San Francisco, California.

/s/ Mike Terry
MIKE TERRY

**Chambers Copies**
Hon. William J. Lafferty
United States Bankruptcy Court
P.O. Box 2070
Oakland, CA 94604-2070

shierkatz RLLP
930 Montgomery St., Fl 6
San Francisco, CA 94133
(415) 895-2895

2025.002          4          OBJECTION TO AMENDED CLAIMS OF EXEMPTION

Case: 15-40781    Doc# 52    Filed: 07/29/15    Entered: 07/29/15 06:30:21    Page 4 of 4