TRACY HOPE DAVIS
United States Trustee for Region 17
U.S. DEPARTMENT OF JUSTICE
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5231
Email: Barbara.A.Matthews@usdoj.gov
Telephone: (510) 637-3200
Facsimile: (510) 637-3220

BY: BARBARA A. MATTHEWS (SBN 195084)
Trial Attorney, Oakland Division

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re | Case No. 15-40781 WJL |
| MOATAZ M. MAASRANI and<br>CLAUDINE S. MAASRANI, | Chapter 7 |
| | No Hearing Requested |
| Debtors. | |

**UNITED STATES TRUSTEE'S AMENDED MOTION FOR AN ENLARGEMENT
OF TIME TO FILE A MOTION DISMISSING THE CASE UNDER
11 U.S.C. § 707(b) OR TO FILE A COMPLAINT OBJECTING TO DISCHARGE
UNDER 11 U.S.C. § 727 AND MEMORANDUM OF POINTS AND
<u>AUTHORITIES IN SUPPORT OF HER MOTION</u>**

**I.     MOTION.**

Tracy Hope Davis, the U.S. Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 9006-1 of the rules of this Court ("B.L.R."), moves for an

order enlarging the time to object to the Debtor's discharge in this case for sixty (60) days, or until October 16, 2015. Such relief is needed to allow additional time for the United States Trustee to take the examination of the Debtors under Rule 2004 of the Federal Rules of Bankruptcy Procedure so that she can complete her inquiry to determine whether grounds exist to deny the Debtor's discharge.

The combined motion and memorandum of authorities is made and based on the entire record in this action, and such evidence as may be introduced at the hearing on this motion or filed to supplement this motion.

**II.    STATEMENT OF FACTS.**

1. On March 11, 2015, the Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Docket No. 1.

2. The Debtors' first meeting of creditors was held on April 17, 2015. (See docket notes entered 4/30/15). There have been four additional meetings of creditors held on May 15, 2015, June 12, 2015, July 17, 2015, and August 7, 2015. (See docket notes entered on 5/15/15, 6/12/15, 7/17/15 & 8/7/15).

3. At their meetings of creditors, the Debtors testified under oath regarding their assets and liabilities. *Id*. Based upon that testimony and based upon the declaration filed by the Chapter 7 trustee in support of her objection to the Debtors' motion to convert their case to Chapter 13, the United States Trustee believes that the Debtors have undervalued their principal residence on Schedule A, have failed to disclose assets on their Schedule B and made numerous misstatements and omissions on their Statement of Financial Affairs. Docket Nos. 32, 36, & 57; Paragraph 5 of the Declaration of Trial Attorney Barbara A. Matthews in Support of the United States Trustee's Motion for an Enlargement of Time to Dismiss the case under 11 U.S.C. § 707(b) or to object to the Debtors' Discharge under 11 U.S.C. § 727. ("Matthews Declaration").

15-40781 WJL, U.S. Trustee Motion to Enlarge Deadline - 2

Case: 15-40781    Doc# 61    Filed: 08/18/15    Entered: 08/18/15 09:56:35    Page 2 of 6

4. There has been one previous time enlargement request or time enlargement related to the subject matter of this motion, whether by stipulation or Court order. Docket Nos. 27 & 28; Matthews Declaration, ¶ 6.

5. As a result of that enlargement, the last day for the United States Trustee or the Chapter 7 trustee to file a motion dismissing the case under 11 U.S.C. § 707(b) or a complaint objecting to discharge under 11 U.S.C. § 727 is August 15, 2015. Docket No. 27 & 28. August 15, 2015 was a Saturday; therefore, pursuant to Rule 9006(a)(2)(C) of the Federal Rules of Bankruptcy Procedure, the last day to file a motion dismissing the case under 11 U.S.C. § 707(b) or a complaint objecting to discharge under 11 U.S.C. § 727 is extended to Monday, August 17, 2015. Matthews Declaration, ¶ 7.

6. If the Court grants the U.S. Trustee's request to enlarge the deadline to dismiss the case or to object to discharge, the enlargement will have no effect on the schedule for the case. *See Entire PACER Docket;* Matthews Declaration, ¶ 8.

7. In an effort to obtain a stipulation to enlarge the deadline to dismiss the case or to object to discharge, the United States Trustee's counsel contacted the Debtor's counsel, Robert L. Shepard, by email on Friday, August 14, 2015. As of the date of filing this motion, she has not received a reply from the Debtors' counsel. Matthews Declaration, ¶ 9.

8. Because the current deadline to move to dismiss this case under 11 U.S.C. § 707(b) or to object to the debtor's discharge under 11 U.S.C. § 727 will expire on August 17, 2015, the United States Trustee makes a request for an enlargement of time. Matthews Declaration, ¶ 10.

///

///

///

///

## III. POINTS AND AUTHORITIES.

**A. The U.S. Trustee's Motion to Extend the Deadline for Dismissing the Case under Section 707(b) or Objecting to the Debtors' Discharge Under Section 727 Complies with the Requirements of Rule 4004(b) of the Federal Rules of Bankruptcy Procedure.**

Rule 4004(b) of the Federal Rules of Bankruptcy Procedure fixes the time by which a motion dismissing a case under section 707(b) or a complaint objecting to discharge under section 727 must be filed to no later than sixty (60) days after the date first set for the first meeting of creditors. Rule 4004(b) also provides that on motion, the Court may extend the deadline where cause exists to extend the deadline and (2) the motion to extend was filed before the time expired under Rule 4004(a).

In this case, the last day to object to the Debtor's discharge is now August 17, 2015 because Debtor and the Chapter 7 trustee on behalf of United States Trustee have already agreed to one enlargement of time. See Docket Nos. 27 & 28; Matthews Declaration, ¶ 7. Cause exists to enlarge this deadline again because based upon the Debtors' testimony at their meetings of creditors and based upon the declaration filed by the Chapter 7 trustee in support of her objection to the Debtors' motion to convert their case to Chapter 13, the United States Trustee believes that the Debtors have undervalued their principal residence on Schedule A, have failed to disclose assets on their Schedule B and made numerous misstatements and omissions on their Statement of Financial Affairs. Docket No. 32 & 36; Matthews Declaration, ¶ 5. Finally since this motion will be filed on or before the August 17, 2015 deadline to object to the Debtor's discharge, the U.S. Trustee's request is timely.

///

///

///

///

**B. The U.S. Trustee's Motion to Extend the Deadline for Dismissing the Debtors' Case Under Section 707(b) or Objecting to the Debtors' Discharge Under Section 727 Complies with the Requirements of Bankruptcy Local Rule 9006-1(c).**

Further, B.L.R. 9006-1(c) sets forth the requirements a movant must comply with when the movant seeks to enlarge time by motion rather than by stipulation.

**1. The U.S. Trustee's Motion for an Enlargement of the Deadline to Dismiss the Debtors' Case Under Section 707(b) or Object to the Debtor's Discharge Under Section 727 Complies with the Requirements of Bankruptcy Local Rule 9006-1(c)(2) to (4).**

B.L.R. 9006-1(c)(2) to (c)(4) requires the movant to advise the Court as to (i) any previous requests for enlargements or any previous enlargements related to the request to extend the discovery cut-off date, (ii) the effect that requested time enlargement would have on the schedule for the case, and (iii) the efforts made to speak with the respondent, and if the movant has spoken with the respondent, the reason given for the refusal to agree to the request.

The U.S. Trustee contends that she has complied with these requirements. The last day to object to the Debtor's discharge is August 17, 2015. There has been one previously stipulated time enlargement request or time enlargement related to the subject matter of this motion, whether by stipulation or Court order. Docket Nos. 27 & 28; Matthews Declaration, ¶ 6. If the Court grants the United States Trustee's request for an enlargement of the deadline to move to dismiss the case under 11 U.S.C. § 707(b) or to object to the Debtor's discharge under 11 U.S.C. § 727, there will be no effect of the schedule of the case. *See* Entire PACER Docket; Matthews Declaration, ¶ 8.

Finally, in an effort to stipulate to an enlargement of the discovery cut-off date under B.L.R. 9006-1(b), counsel for the U.S. Trustee contacted, the Debtor's counsel, by e-mail and asked if he would agree to an enlargement of the deadline to move to dismiss the case or to object to the Debtor's discharge. Matthews Declaration, ¶ 9. Mr. Shepard, the Debtors' counsel did not reply to the United States Trustee's e-mail. Matthews Declaration, ¶ 10.

## 2. The U.S. Trustee's Motion for an Enlargement of the Deadline to Dismiss the Debtors' Case Under Section 707(b) or Object to the Debtor's Discharge Under Section 727 Complies with the Requirements of Bankruptcy Local Rule 9006-1(c)(1).

B.L.R 9006-1(c)(1) requires the movant to advise the Court of the reasons than an enlargement of time is requested. As set forth above, the Debtors have undervalued their principal residence on Schedule A, have failed to disclose assets on their Schedule B and made numerous misstatements and omissions on their Statement of Financial Affairs. Docket Nos. 32 & 36; Matthews Declaration, ¶ 5. The United States Trustee believes that there are other instances of this type of misconduct and needs further time to complete her inquiry. Since the deadline to object to the Debtor's discharge is Monday, August 17, 2015, the United States Trustee will need an enlargement of the deadline so that she can take the Rule 2004 examination of the Debtors and others with relevant information. Therefore, the United States Trustee requests a sixty (60) day enlargement of the deadline to object to the Debtor's discharge, or until October 16, 2015.

Based upon the foregoing, the U.S. Trustee has established sufficient cause for the Court to grant her motion to enlarge the deadline to move to dismiss the case or object to the Debtor's discharge.

WHEREFORE, the U.S. Trustee requests that the Court grant a sixty (60) day enlargement the deadline to move to dismiss the case or to object to the Debtor's discharge until October 16, 2015, and that the Court provides such other and further relief as the Court deems just and appropriate.

Dated: August 16, 2015

                TRACY HOPE DAVIS
                U.S. Trustee for Region 17

                */s/Barbara A. Matthews      /*
                BARBARA A. MATTHEWS
                Trial Attorney, Oakland Division